IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LEXINGTON INSURANCE     :
COMPANY,
                        :
    Plaintiff,
                        :
vs.                                             CA 07-0323-WS-C
                        :
EDMOND H. SMITH, III,
                        :
    Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Court on plaintiff's notice regarding the defendant's failure to respond to the show cause order (Doc. 19) contained within the Rule 16(b) scheduling order entered on August 3, 2007 (Doc. 15). Upon consideration of all pleadings contained in this file and pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that a default judgment be entered against defendant Edmond H. Smith, III.

## FINDINGS OF FACT

    1.    Lexington Insurance Company ("Lexington") filed a complaint for declaratory relief in this Court on May 8, 2007, against Edmond H. Smith, III, seeking a declaration that the insurance policy issued by it to the

defendant--policy number LE 0614116 01--is void "due to misrepresentations and fraudulent conduct relating to claims made under the policy by Smith III and/or his agent, Smith IV." (Doc. 1)

2. Smith was served with the summons and complaint on May 14, 2007. (Doc. 7) The defendant filed his answer on May 25, 2007. (Doc. 8)

> I request that the Plaintiff[']s request be denied based upon the fact that I deny each allegation and request that the Plaintiff be ordered to proceed with and fulfill their (sic) obligation to pay the claim according to the insurance policy.
>
> . . .
>
> I deny any intentional misrepresentation or fraud. . . . I have lost my company, my home, and I have no money left to afford legal representation. I suffer from degenerating heart disease, high blood pressure, diabetes, am losing my eyesight and [I am] on disability. I ask for any protection offered by the court, and request that the Plaintiff's request be completely denied any they (sic) be forced [to] make good the insurance policy for which they (sic) accepted payment.

(*Id.* at 1 & 2)

3. Smith and counsel for Lexington conducted a planning meeting by telephone on July 13, 2007 and, thereafter, filed their report with the Court on July 16, 2007. (*See* Doc. 10) The Court set a scheduling conference for July 30, 2007 (Doc. 11) and later changed that date to July 31, 2007 (Doc. 13). Smith did not attend the Rule 16(b) scheduling conference. (Doc. 15 ("This

cause came on for a Rule 16(b) scheduling conference on July 31, 2007. Attending on behalf of the plaintiff was Christina Bolen. The *pro se* defendant, Edmond H. Smith III, did not attend.")) 

  4. Within the context of the Rule 16(b) scheduling order entered on August 3, 2007, the undersigned ordered Smith to show cause in writing, not later than August 7, 2007, "why he did not appear at [the] duly-noticed scheduling conference[.]" (Doc. 15, at ¶ 18) The Court advised Smith that his failure to show cause would "result in an appropriate sanction[.]" Although the Clerk of Court was ordered to serve Smith by certified mail, the mail was returned as undeliverable to the *pro se* defendant. (*See* Doc. 16)

  5. Plaintiff's counsel filed a report on September 11, 2007, and advised the Court that he had spoken "with Defendant's adult daughter, Michelle Smith, who stated that the Defendant was living with her at 8851 Gale Rowe Lane, Fairhope, Alabama 36532." (Doc. 17, at ¶ 6) Based upon this report, the undersigned instructed the Clerk to show Smith's current address to be that of his daughter's and to send to that address a copy of the Rule 16(b) scheduling order and the order entered on September 12, 2007. (Doc. 18) "Defendant is warned that he must keep the Court informed of his address at all times and abide by the requirements of the Scheduling Order so that he may

avoid serious adverse consequences that could include entry of judgment on behalf of Plaintiff due to his failure to defend." (*Id*.)

6. On October 24, 2007, plaintiff filed notice with the Court that Smith had failed to show cause why he failed to appear for the July 31, 2007 scheduling conference. (Doc. 19)

## **CONCLUSIONS OF LAW**

1. Rule 16(f) of the Federal Rules of Civil Procedures provides, in relevant part, that if a party fails to appear at a scheduling conference "the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." *Id*. Pursuant to Rule 37(b)(2)(C), the Court may render a judgment by default against the disobedient party. *See id*.

> "The sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

*DIRECTV, Inc. v. Huynh*, 318 F.Supp.2d 1122, 1127 (M.D. Ala. 2004).

2. This Court has broad discretion in imposing Rule 37 sanctions. *United States v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997); *see also BankAtlantic v. Blythe Eastman*

*Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994). However, "this discretion is not unbridled." *United States v. Franklin*, 2001 WL 670630, *1 (M.D. Fla. 2001) (citation omitted). In particular, "[t]he decision to enter a default judgment is a last resort, 'ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.'" *Id.*, quoting *Certain Real Property Located at Route 1, Bryant, Ala.*, *supra*, 126 F.3d at 1317.

    3.    A review of the pleadings in this case indicates that defendant Smith has shown a willful disregard for the orders entered by the undersigned and, as a result, has acted in bad faith. Accordingly, the undersigned recommends that the Court enter a default judgment against Edmond H. Smith, III in this case. *Franklin, supra*, at *2 (granting plaintiff's motion for default judgment as a sanction for the *pro se* defendants' failure to participate in pretrial proceedings); *see also Scarsella v. Rams Hauling & Development, Inc.,* 2006 WL 1119210, *1 (M.D. Fla. 2006) (recommendation that default judgment be entered against the *pro se* defendant for failing to attend a hearing for the purpose of preparing and filing a joint final pretrial statement).

## **CONCLUSION**

Based upon the foregoing, the undersigned recommends that the Court

enter a default judgment against defendant Edmond H. Smith, III, as a sanction for his failure participate in pretrial proceedings and obey the orders of this Court.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 29th day of October, 2007.

      s/WILLIAM E. CASSADY
      **UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND **FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

 s/WILLIAM E. CASSADY  
UNITED STATES MAGISTRATE JUDGE