IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LEXINGTON INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION 07-0323-WS-C** |
| ) | |
| **EDMOND H. SMITH, III,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This long-closed matter comes before the Court on putative intervenor Great Southern Outdoors Foundation and Institute, Inc's Application to Intervene (doc. 24).

Back on May 8, 2007, plaintiff Lexington Insurance Company commenced this action by filing a Complaint for Declaratory Relief (doc. 1) against a single named defendant, Edmond H. Smith, III.[1] The Complaint sought a declaration that, *inter alia*, Lexington owed no obligations to Smith III under its homeowner's policy LE 0614116 01 covering Smith III's property at 3721 Calderwood Drive, Mobile, Alabama, relative to Smith III's insurance claim for vandalism and theft of personal property at that location. Although Smith III initially filed an Answer and sought to defend himself against Lexington's claims, he ceased participating in these proceedings a short time later. On November 26, 2007, this Court entered a default judgment against Smith III as a sanction for his failure to participate in pretrial proceedings and obey the orders of this Court. The Judgment (doc. 23) included a decree that "Lexington does not owe any additional amounts to defendant under the terms and conditions of Lexington insurance policy LE 0614116 01."

On December 30, 2008, some 13 months after entry of default judgment and closure of this action, Great Southern appeared for the first time and applied for leave to intervene in this

---

[1] Great Southern's filings incorrectly indicate that Evan J. Wolfe is also a party defendant in this action.

action pursuant to Rule 24, Fed.R.Civ.P., without specifying whether it seeks intervention as of right pursuant to Rule 24(a) or permissive intervention pursuant to Rule 24(b).  As its basis for seeking intervention, Great Southern maintains that certain real property located at 3900 Windsor Rd., Theodore, Alabama was conveyed to it in 2005, rendering it an insured under Lexington policy LE 0614116 01.  As a result, Great Southern asserts, it "claims coverage under Lexington insurance policy LE 0614-11601" and "is so situated that the disposition of the action may as a practical matter impair or impede the applicants [*sic*] ability to protect that interest." (Doc. 24, ¶ 5.)  Great Southern would intervene to demand coverage by Lexington for severe damage to the Windsor Road property caused by Hurricane Katrina in August 2005.

There are numerous defects with Great Southern's application for intervention.  First and foremost, this action was closed more than one year ago.  Great Southern has identified no basis in law for reviving this lawsuit some 13 months after the fact to allow it to intervene in a long-terminated case.  Federal courts routinely resist such efforts, or at least look upon them with a jaundiced eye.  *See, e.g., Houston General Ins. Co. v. Moore*, 193 F.3d 838, 840 (4th Cir. 1999) ("There is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant.") (citation omitted); *Burney v. City of Pawtucket*, 728 F.2d 547, 549 (1st Cir. 1983) ("We hold as a matter of law that a motion to intervene is never timely under Fed.R.Civ.P. 24(b) if filed after all rights to appeal have expired."); *Kendrick v. Kendrick*, 16 F.2d 744, 745 (5th Cir. 1926) ("An existing suit within the court's jurisdiction is a prerequisite of an intervention"); *Harvey v. Veneman*, 222 F.R.D. 213, 214 (D. Me. 2004) ("Generally, postjudgment applications to intervene are disfavored."). As the Eleventh Circuit has observed, "[i]nterventions after judgment have a strong tendency to prejudice existing parties to the litigation or to interfere substantially with the orderly process of the court."  *Payne v. Block*, 714 F.2d 1510, 1521 (11th Cir.) (citation omitted), *modified on other grounds*, 721 F.2d 741 (11th Cir. 1983), *and vacated on other grounds*, 469 U.S. 807, 105 S.Ct. 65, 83 L.Ed.2d 15 (1984).

Here, Great Southern has made no showing, much less a strong showing, that post-judgment intervention is appropriate.  To the contrary, there is no indication that Great Southern did not know, and should not reasonably have known, of its claimed interest in this litigation long ago; and, as explained below, there is no meaningful risk of prejudice to Great Southern if

intervention is denied at this juncture. By contrast, the prejudice to the parties and the disruption to the orderly processes of this Court if intervention were granted would be significant, as the long-final judgment would be disturbed and this action would be reopened to hear Great Southern's claims that need not be tethered to this lawsuit in the first place. *See generally Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (explaining that timeliness of petition to intervene turns on considerations of length of time during which putative intervenor knew or reasonably should have known of interest in the case, extent of prejudice to existing parties if intervention is granted, extent of prejudice to intervenor if intervention is denied, and any unusual circumstances favoring or disfavoring timeliness finding). In light of the foregoing, and given Great Southern's meager showing, this Court is of the opinion that the Application to Intervene is untimely, and is therefore due to be denied.

Even if Great Southern's application were timely, intervention would be unwarranted on this showing for another reason. As indicated *supra*, Great Southern predicates intervention on its assertion that it "is so situated that the disposition of the action may as a practical matter impair or impede the applicants [*sic*] ability to protect [its] interest" in coverage under the Lexington insurance policy at issue herein. Both the court file and Great Southern's own filings undermine this contention. The Judgment entered against Smith III in this matter provides only that "Lexington does not owe any additional amounts to defendant under the terms and conditions of Lexington insurance policy LE 0614116 01." (Doc. 23.) Nothing in that Judgment purports to adjudicate or foreclose the rights of any other insureds who are or may be entitled to coverage under that policy. Besides, the Judgment was a default judgment, such that this Court had no occasion to consider Lexington's arguments on the merits, construe the applicable policy provisions, or adjudicate substantive coverage issues under that policy. In light of that fact, and Great Southern's status as a non-party, it is exceedingly difficult to imagine how the Judgment in this case could in any way curtail, impair or impede Great Southern's rights to seek coverage and litigate coverage issues with Lexington under the subject policy in separate litigation if it desires to initiate same.

Moreover, and more fundamentally, Great Southern's filings do not reveal that it has any interest in the subject insurance policy. According to Great Southern, it has an insurable interest in property located at 3900 Windsor Road in Theodore, Alabama, which it contends was

damaged by Hurricane Katrina.  But that property and that loss appear entirely irrelevant to this lawsuit.  The Complaint for Declaratory Relief (doc. 1) and the declaration page of policy LE 0614116 01 reflect that the insured premises are 3721 Calderwood Drive in Mobile, Alabama, and that the loss in question is theft of personal property in March 2005.  Simply put, this litigation and the subject insurance policy appear to have no bearing whatsoever on the Windsor Road property in Theodore in which Great Southern claims an interest.  Nowhere in its filings does Great Southern contend that it possesses any insurable interest in the Calderwood Drive property, much less the contents of same, such that it might be entitled to "insured" status under the subject homeowner's insurance policy.  Furthermore, Great Southern states that it seeks to intervene to obtain coverage for a Katrina-related loss, but this case is about a theft loss that predated the hurricane by some five months.

In short, the Application for Intervention is untimely, the Judgment does not appear to implicate or infringe upon Great Southern's interest in coverage under the subject insurance policy, and Great Southern has not identified any colorable interest in the residence premises or personal property covered by the Lexington homeowner's policy at issue in this case.  For all of these reasons, the Court exercises its discretion to **deny** Great Southern's Application to Intervene (doc. 24).

DONE and ORDERED this 5th day of January, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE